UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NIICO WISDOM,

                                          Plaintiff,

              -against-

THE CITY OF NEW YORK, DETECTIVE HARUN
MIAH, tax # 920608, UNDERCOVER POLICE OFFICER
# C0127, DETECTIVE ALEX ROSARIO, shield # 9072,
DETECTIVE MARK HOLDER, shield # 4311,

                                          Defendants.

**FIRST AMENDED COMPLAINT**

10 CV 5876 (NGG) (MDG)

Jury Trial Demanded

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

       1.      Plaintiff brings this civil rights action against the City of New York and several members of the New York City Police Department's ("NYPD") Narcotics Borough Brooklyn South ("NBBS"). Plaintiff alleges that, on May 4, 2010, in Brooklyn, defendants violated his rights under 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution by falsely arresting him for being a lookout for an alleged drug dealer, using excessive force on him and making false allegations about him to prosecutors which deprived him of liberty. On December 7, 2010, the false criminal charge of Criminal Facilitation in the Fourth Degree, a misdemeanor, was adjourned in contemplation of dismissal. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

2.  This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District, and because some or all of the defendants reside in this District.

**PARTIES**

4.  Plaintiff is a resident of the State of New York who lives in Brooklyn.

5.  The City of New York is a municipal corporation organized under the laws of the State of New York.

6.  The individual defendants are members of the NYPD's NBBS. Defendants were acting under color of state law and in their capacities as members of the NYPD's NBBS at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

**STATEMENT OF FACTS**

7.  On May 4, 2010, plaintiff was in the vicinity of the Lotto Cuts barber shop located near the corner of Beverley Road and Flatbush Avenue in Brooklyn.

8.  At all relevant times, plaintiff did not commit a crime, he was not wanted for a crime and no law enforcement officer observed him acting in a manner which gave rise to probable cause.

9. Suddenly, several members of the NBBS, including Detective Harun Miah, pulled up in vehicles, pointed their guns at plaintiff and told him to put his hands on the wall of the barber shop.

10. Detective Miah and the other officers, acting in concert, arrested plaintiff and searched him.

11. Nothing illegal was found on plaintiff's person.

12. Either Detective Alex Rosario or Mark Holder intentionally handcuffed plaintiff excessively tight causing pain, bruising and swelling that lasted days.

13. Defendants Rosario and Holder put plaintiff in a van and drove the tightly handcuffed plaintiff around parts of Brooklyn for approximately one hour looking for additional people to arrest.

14. Plaintiff asked Rosario and Holder to loosen the painful cuffs but they refused.

15. Eventually, plaintiff was taken to the 70th Precinct and locked in a cell.

16. While plaintiff was confined in the cell, Detective Miah, plaintiffs' designated "arresting officer," pursuant to an agreement with Undercover Officer # C0127, misrepresented in police reports that plaintiff was observed being a lookout for an alleged drug dealer.

17. The other defendants knew that Detective Miah and the undercover officer were creating police reports containing this false allegation, but they failed to intervene to protect plaintiff by, for example, reporting the matter to a supervisor.

18. In the early evening, defendants Rosario and Holder took plaintiff to Brooklyn Central Booking.

19. Plaintiff was held in cells in Brooklyn Central Booking which were severely overcrowded, extremely cold, filthy, unsanitary and infested with roaches and rodents. The toilets were covered in feces, urine and other types of human discharge and there were no beds or cots for plaintiff and the other detainees to sleep on.

20. While plaintiff was in Brooklyn Central Booking, Detective Miah, pursuant to an agreement with Undercover Officer # C0127, misrepresented to the Kings County District Attorney's Office that plaintiff was observed being a lookout for an alleged drug dealer.

21. The other defendants knew that Detective Miah and the undercover officer were commencing a false prosecution against plaintiff, but they failed to intervene to protect plaintiff by, for example, reporting the matter to an NYPD supervisor or to the District Attorney's Office.

22. Detective Miah swore to the accuracy of a criminal court complaint that contained his false allegation.

23. Defendants' purpose in commencing a bogus prosecution against plaintiff was to have plaintiff convicted of and punished for a crime he did not commit, to obtain overtime compensation and to improve their arrest records.

24. During the late evening of May 5, 2010, more than 24 hours after plaintiff was arrested, plaintiff was arraigned in Criminal Court, Kings County, on a charge of Criminal Facilitation in the Fourth Degree, a misdemeanor.

25. The presiding judge released plaintiff on his own recognizance.

26. Plaintiff appeared in court on numerous occasions subsequent to his arraignment.

27.     Plaintiff was appointed a public defender and, during many court appearances, plaintiff waited several hours for his case to be called.

28.     On December 7, 2010, the false criminal charge of Criminal Facilitation in the Fourth Degree was adjourned in contemplation of dismissal.

29.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was incarcerated for well over 24 hours and suffered emotional distress, mental anguish, fear, anxiety, pain, swelling and bruising.

## FIRST CLAIM

## (FALSE ARREST)

30.     Plaintiff repeats the foregoing allegations.

31.     At all relevant times, including May 4, 2010, plaintiff did not commit a crime, he was not wanted for a crime and no law enforcement officer observed him acting in a manner which gave rise to probable cause.

32.     Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

33.     Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

## (UNREASONABLE FORCE)

34.     Plaintiff repeats the foregoing allegations.

35.     Defendant's use of force upon plaintiff in the form of excessively tight handcuffs and/or their refusal to loosen the cuffs was objectively unreasonable and caused plaintiff pain and injury.

36. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

### THIRD CLAIM

### (FABRICATION OF EVIDENCE AND DENIAL OF A FAIR TRIAL)

37. Plaintiff repeats the foregoing allegations.

38. Detective Miah, pursuant to an agreement with Undercover Officer # C0127, misrepresented to the Kings County District Attorney's Office that plaintiff was observed being a lookout for an alleged drug dealer.

39. The other defendants knew that Detective Miah and the undercover officer were commencing a false prosecution against plaintiff, but they failed to intervene to protect plaintiff by, for example, reporting the matter to an NYPD supervisor or to prosecutors.

40. Detective Miah's false allegation and the other defendants' failure to intervene resulted in plaintiff being deprived of liberty because he was held in jail until his arraignment and was required to appear in court on several occasions subsequent to his arraignment.

41. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for fabrication of evidence and for denying plaintiff a fair trial.

### FOURTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

42. Plaintiff repeats the foregoing allegations.

43. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

44. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

45. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other NYPD narcotics officers are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained. In fact, several NYPD narcotics officers have been arrested and convicted of crimes for making false allegations about arrestees and for corruption.

46. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and other narcotics officers and improperly retained and utilized them.

47. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED:     October 12, 2011
                 Brooklyn, New York

/s/
_____
RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391


IZABEL OLSZOWA GARCIA
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(646) 239-4330
(718) 624-9391