UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
NICO WISDOM,

                         **ORDER**

               Plaintiff,

                 **10-CV-5876 (NGG) (MDG)**

     -against-

UNDERCOVER POLICE OFFICER # C0127,
DETECTIVE ALEX ROSARIO, DETECTIVE MARK
HOLDER,

              Defendants.[1]

-----------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Pending before the court are cross-motions in limine and a joint request to amend the

case's caption.  For the following reasons, the defendants' motion is GRANTED in part and

DENIED in part, the plaintiff's motion is GRANTED in part and DENIED in part, and the

parties' application to amend the caption is GRANTED.

      On March 26, 2012, the plaintiff in this civil rights case, Nico Wisdom, filed a motion

in-limine seeking to preclude the defendants from introducing evidence of the state-court

conviction of a third-party, Christopher Mason.  (See Mem. of Law in Supp. of Pl.'s 1st Mot.

in-Limine (Docket Entry # 26) at 1-3.)  He also sought an order barring any defense witness

from vouching for the credibility of the defendants.  (See id. at 3.)  Wisdom supplemented his

motion on May 25, 2012, adding requests that the court preclude introduction of Mason's

criminal court file and bar any evidence relating to Wisdom's prior arrests.  (See Mem of Law in

Supp. of Pl.'s 2d Mot. in-Limine (Docket Entry # 42-1) at 1-5.)  On July 9, 2012, the defendants

filed a motion in limine seeking, inter alia, to exclude Wisdom from the court room during one

of the defendants' testimony (see Defs.' 1st Mot. in-Limine (Docket Entry # 45) at 1-3), and, on

---

[1]    For the reasons discussed below, the Clerk of Court is respectfully directed to amend the
official caption as set forth above.

July 19, 2012, they expanded the scope of their motion to include requests that court preclude Wisdom from introducing: (1) evidence of the disposition of the criminal charge brought against Wisdom following his arrest; (2) the defendants' answers to Wisdom's interrogatories; (3) Wisdom's "VSA Superform" and "LAPS Cover Sheet"; (4) the police property clerk's invoice; and (4) the "Complaint Room Screening Report."  (Mem. of Law in Supp. of Defs.' 2d Mot. in-Limine (Docket Entry # 48) at 1-6.)  The defendants also finally lodged an opposition to Wisdom's pending motion in limine insofar as Wisdom sought to preclude the introduction of evidence of his prior arrest records, or of Mason's prosecution and conviction.  (See id. at 6-9.)  Finally, by way of the defendants' second in limine submission, the parties jointly requested that the court amend the caption of the case to reflect the current parties.  These requests are addressed in the order they were submitted.

First, that portion of Wisdom's motion that seeks to fully preclude evidence and testimony about Mason's conviction is denied.

Proof of Mason's conviction is relevant to the issue of probable cause—an issue that lies at the core of Wisdom's false arrest claim.[2]  See Singer v. Fulton County Sheriff, 63 F.3d 110, 118-19 (2d Cir. 1995).  According to defendants, Mason was arrested "along with" Wisdom as the two men stood near each other on the same street corner.  (See Mem. of Law in Supp. of Defs.' 2d Mot. in Limine at 8.)  They claim that they arrested Wisdom because he acted as a "look out" while Mason sold drugs to an undercover police officer.  (See id.)  Wisdom does not deny that he was arrested at the same time and place as Mason.  Evidence that Mason actually committed a crime prior to the dual arrests makes it more likely that there was probable cause to arrest Wisdom for participating in that crime than if there was no evidence any crime occurred.

_____

[2]        Probable cause is also central to the defendants' defense of qualified immunity.  See Caceres v. Port Auth. of N.Y. and N.J., 631 F.3d 620, 622 (2d Cir. 2010).

2

<u>Cf.</u> Fed. R. Evid. 401 (defining relevance).

That evidence of Mason's conviction is relevant, however, does mean that any and all such evidence is admissible. This evidence carries with it a significant risk of unfair prejudice. While the jury may quite properly regard such evidence of Mason's guilt as increasing the likelihood that there was probable cause to arrest Wisdom for committing his <u>own</u> separate offense, the jury might also view the evidence as inculpating Wisdom in <u>Mason's</u> crime. This is an improper inference that must be policed. Accordingly, the jury will hear only the minimum evidence needed to understand that Mason was arrested with Wisdom, and that Mason was then convicted;[3] the probative value of anything more is outweighed its prejudicial risk. <u>Cf.</u> Fed. R. Evid. 403 (setting grounds for exclusion of relevant evidence).

As to Wisdom's request that certain potential defense witnesses be precluded from vouching for the defendants' credibility or testifying in the form of legal conclusions, that portion of his motion is granted. It is unopposed, and correct as a matter of law. <u>See</u> <u>Cameron v. City of New York</u>, 598 F.3d 50, 54 (2d Cir. 2010) (noting that "bedrock principles of evidence law" prohibit this type of testimony).

Finally, Wisdom's request to preclude evidence of his prior arrests is denied. The parties agree that such evidence is relevant to the issue of damages (<u>see</u> Mem of Law in Supp. of Pl.'s 2d Mot. in-Limine at 5; Mem. of Law in Supp. of Defs.' 2d Mot. in Limine at 7), and cases in this circuit support that argument, <u>see</u> <u>Cicero v. City of New York</u>, No. 11-CV-0360 (NGG) (CLP), 2011 WL 30998998, at *3 (E.D.N.Y. July 25, 2011) (citing cases). Wisdom is correct, however, that evidence of his prior arrests is not relevant to the issue of the defendants' liability, and would be unfairly prejudicial to him if introduced during that phase of the trial. Given that

---

[3] The parties may, of course, stipulate to these facts, rendering any evidence related to Mason's conviction cumulative and subject to exclusion under Rule 403.

one of the central issues at trial will be whether there was probable cause to arrest Wisdom,

evidence of Wisdom's prior run-ins with the law could profoundly influence the jury's

evaluation of testimony about Wisdom's conduct leading up to the arrest in question.  The jury

could conclude that the fact that there was probable cause to arrest Wisdom in the past makes it

more likely, on the margin, that the defendants had probable cause to effect the arrest underlying

this suit.  This is a natural, yet impermissible inference.  Cf. Fed. R. Evid. 404 (evidence of

character not admissible to show conformity therewith).  Accordingly, "to avoid prejudice," the

trial will be bifurcated into two phases: one addressing the defendants' liability; and a second to

assess damages should Wisdom establish the defendants' liability.  Cf. Fed. R. Civ. P. 42(b)

(providing grounds for bifurcation).

      The court now turns to the defendants' motion in limine.

      The defendants' first submission concerns various measures intended to protect the

secrecy of Undercover Police Officer # C0127's identity.  Undercover Police Officer # C0127 is

a defendant in this case, but the defendants argue that his normal participation in a public trial

would risk exposing his true identity.  Accordingly, the defendants request that court allow

Undercover Police Officer # C0127 to observe the proceedings via closed circuit television, and

that it make special provisions for his entrance and exit to and from the courthouse.  The

defendants also argue that the courtroom should be closed to the public during Undercover

Police Officer # C0127's  testimony, and that even Wisdom should be excluded.  Wisdom agrees

to the courtroom closure, but opposes the defendants' suggestion that he be made to leave as

well.

      Wisdom may remain in the courtroom during Undercover Police Officer # C0127's

testimony. Although the defendants provide authority for the circumscription of pre-trial

discovery in order to protect the identity of undercover officers or confidential informants, they

are unable to point to any case where a litigant has been excluded from his own trial for that purpose.  This is not the case to begin such a practice.  First, the court is not convinced  that ordering Wisdom from the courtroom would substantially affect Undercover Police Officer # C0127's  cover.  The defendants allege that Wisdom was standing next to Mason when Mason sold Undercover Police Officer # C0127 drugs.  (See Mem. of Law in Supp. of Defs.' 2d Mot. in Limine at 8.)  As the two men were arrested together a short time later (see id.), it is likely that Wisdom can already recognize Undercover Police Officer # C0127 as a member of the police force.  The court is also unpersuaded by the defendants' argument that allowing Wisdom's lawyer to see Undercover Police Officer # C0127's face presents less risk to the Undercover Police Officer # C0127's cover than if Wisdom sees him as well.[4]  Without more facts about where Wisdom and his counsel live in relation to Undercover Police Officer # C0127's beat, the court cannot assume that there is a significant difference in risk.  Second, Wisdom's exclusion would be prejudicial to the prosecution of his case.  Wisdom knows the circumstances surrounding his arrest better than his counsel, and he will suffer if denied an opportunity to observe and, if need be, guide the examination and cross-examination of witnesses about that event.

Subject to further briefing by the defendants, the courtroom will also remain open to the public during Undercover Police Officer # C0127's  testimony.  The public has a First Amendment right to attend civil proceedings.  See Westmoreland v. CBS, Inc., 752 F.2d 16, 23 (2d Cir. 1984).  While this right is qualified, see Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004), the defendants have not explained why it should not hold in this case.

---

[4]        Additionally, there can be little doubt that, if Wisdom were proceeding pro se, he would need to be allowed to examine Undercover Police Officer # C0127 himself and thereby see the officer's face.  It is not clear why the fact that Wisdom has retained counsel should lead to a different result.

Until they do so—and provide legal authority to support their argument—the courtroom must remain open.

The remainder of the defendants' requests with respect Undercover Police Officer # C0127 are granted.  When he is not testifying, Undercover Police Officer # C0127 may observe the proceedings from a location in the courthouse outside the courtroom, and the defendants may make arrangements with the United States Marshal Service for the Undercover Police Officer # C0127's discrete arrival and departure to and from the courthouse.

The defendants' request that the court preclude Wisdom from introducing evidence of the disposition of his criminal charge is denied.  Evidence that Wisdom was ultimately not prosecuted is relevant to the issue of probable cause.  Indeed, a conviction on a charge stemming from Wisdom's arrest would likely be fatal to his false arrest claim.  See Roesch v. Otarola, 980 F.2d 850, 852, 853-54 (2d Cir. 1992) (holding that § 1983 plaintiffs must show termination of state-court prosecution in their favor to recover on false arrest claims).  Thus, barring a stipulation to the fact that the charge against Wisdom did not result in conviction, Wisdom may introduce any admissible evidence to prove this fact.

The court reserves decision on the remainder of the defendants' motion.  They have not included copies of the various documents—answers to interrogatories and various police arrest processing papers—that they seek to have precluded, and so the court cannot assess whether these materials are irrelevant or otherwise inadmissable.  The defendants of course retain the right to raise contemporaneous objections to any evidence or testimony that Wisdom seeks to introduce.

As for the parties' joint application that court amend the caption of this case, that request is granted.  Several parties were apparently never served, and Wisdom has withdrawn his claims against two others.  This leaves three defendants: Undercover Police Officer # C0127; Detective

Alex Rosrio; and Detective Mark Holder.  The amended caption shall only reference these defendants.

      To review: the court ORDERS in limine as follows:

- The defendants may introduce evidence of Christopher Mason's conviction and evidence linking that conviction to Mason's arrest with Wisdom, but such evidence shall be limited to the minimum needed to establish those two basic facts.  A stipulation by Wisdom to these facts will result in total preclusion of this type of evidence.

- All witnesses are precluded from vouching for other witnesses' credibility or testifying in the form of legal conclusions.

- The trial will be bifurcated into two phases: a liability phase and a damages phase.  The defendants may introduce evidence of Wisdom's prior arrests during the damages phase, if it occurs, but are precluded from introducing such evidence during the preceding liability phase.

- The courtroom will remain open throughout the proceedings subject to a renewed application for closure by the defendants.

- Except when called upon to testify, Undercover Police Officer # 0127 may follow the proceedings from a separate room in the courthouse, and the defendants are granted to leave to arrange with the United States Marshal Service for Undercover Police Officer # 0127 to come to and go from the courthouse discretely.

- Barring a stipulation to the fact that Wisdom's arrest did not ultimately result in his conviction, Wisdom may introduce evidence of the disposition of the criminal charges brought against him after the arrest.

- The Clerk of Court is respectfully directed to amend the caption as set forth above.

SO ORDERED.

Dated: Brooklyn, New York
     July 26, 2012

_____/s/_____
NICHOLAS G. GARAUFIS
United States District Judge